## COLTON v. NEW YORK & CUBA MAIL S. S. CO.

### Application of MATHER et al.

(District Court, S. D. New York. May 14, 1925.)

1. Shipping ⬅199—Court cannot order payment of funds in receiver's hands to general average adjusters prior to proof of all claims.

Funds in hands of receiver may be subjected to rights of creditors equal, if not superior, to those of general average claimants, and court cannot order payment to general average adjusters, prior to proof of all claims.

2. Shipping ⬅199—Money due steamship company in receivership on general average adjustments is subject to claims of persons to whom company is general average debtor.

Money due to steamship company in receivership on general average adjustments is subject to claims of persons who, in any of such general average adjustments, are entitled to receive money from steamship company, which failed to turn over deposits to adjusters.

In Admiralty. Petition by Wendell P. Colton, claimant, against the New York & Cuba Mail Steamship Company, defendant. In the matter of the application of Charles E. Mather and others, in connection with certain matters of general average adjustment. Decree in accordance with opinion.

Barry, Wainwright, Thacher & Symmers, of New York City, for petitioners.

Bigham, Englar & Jones, of New York City, for various interested cargo underwriters.

KNOX, District Judge. [1] It is most desirable, of course, that the general average adjustments, in which the defendant is concerned, and which are referred to in the petition of Mather & Co., should be completely disposed of at the earliest practicable moment. But, under the circumstances of this case, I fear that the court is in no position to afford petitioners full relief. Although the general average deposits made with defendant by consignees of cargo liable to general average contributions should probably be regarded as trust funds, which should have been paid over to the adjusters, there are no earmarks by which said funds can be identified as having come into the hands of the receiver. It is manifest, therefore, that claimants, other than persons interested in general average adjustments, may have rights in the funds now in the hands of the receiver, equal, if not superior, to those of the general average claimants. This satisfies me that the relief asked for in the second paragraph of petitioners' prayer cannot now be granted.

[2] In some of the adjustments being made by petitioners, the defendant stands to be entitled to receive certain moneys. In equity and good conscience it seems no more than right that such money should be subject to a charge for the benefit of claims of persons other than defendant, who are entitled to be paid from moneys which came into the hands of the defendant for general average adjustments, and which were not turned over to the adjusters. This, as I see it, would amount only to a recognition of the right of general average depositors to set off as against defendant such lawful claims as they hold against it. For this reason, I shall pass an order which will provide that where, in the adjustment of general averages set out in the petition, there may be money payable to defendant, the same will be subject to a charge for the benefit of claims of persons who, in any of such adjustments of general averages, are entitled to receive money from the defendant.

As for petitioners' suggestion that any payments that may hereafter be made by the underwriters of hull insurance upon defendant's vessels be turned over to the general average adjusters, I think it best that no such order should now be made. But the denial of such relief is without prejudice to the right of petitioners to ask that it be granted as, if, and when any contributions to general averages by hull underwriters is hereafter payable to the mortgagee of defendant's vessels, and/or to the receiver of the defendant.

In making general average adjustments, which concern the defendant, the petitioners will be furnished reasonable access to any and all records of the defendant in the hands of its receiver.